United States District Court
Southern District of Texas
**ENTERED**
July 21, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIANA MARTINEZ, | § | |
| | § | |
| Plaintiff/Counter Defendant, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. H-25-4948 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| | § | |
| Defendant/Counter Claimant. | § | |
| | § | |

## ORDER

Pending before the Court are Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support (Document No. 20), and Wells Fargo Bank, N.A.'s Motion Default Judgment Against Doroteo Martinez (Document No. 19). Having considered the motions, submissions, and applicable law, the Court determines that both motions should be granted.

## I. BACKGROUND

This case arises out of a mortgage dispute. In January 2007, Plaintiff Mariana Martinez ("Plaintiff") took out a loan for $83,000 from Wachovia Bank secured by her home at 11010 Melba Lane, Houston, Texas 77041. On March 20, 2010, Wachovia Bank merged with Defendant Wells Fargo Bank, N.A. ("Wells Fargo") and Wells Fargo obtained the loan. Sometime in early 2015, Plaintiff began missing payments on the loan. Plaintiff alleges that she immediately contacted Wells Fargo

1

in an attempt to resolve the past due payments. Plaintiff further alleges that, a few months after she defaulted on the loan, she attempted to make a lump sum payment which Wells Fargo refused to accept. Lastly, Plaintiff alleges that Wells Fargo continued to refuse any mortgage relief to Plaintiff. On June 30, 2025, Defendant obtained an Order to Proceed with Notice of Foreclosure in the 164th District Court of Harris County, Texas.[1]

Based on the foregoing, on August 27, 2025, Plaintiff filed suit in the 61st District Court of Harris County, Texas, seeking to stay the foreclosure sale and asserting claims against Wells Fargo for violations of the Texas Debt Collection Act and fraud.[2] On October 16, 2025, Wells Fargo removed the matter to this Court pursuant to diversity jurisdiction.[3] Also on October 16, 2025, Wells Fargo answered, bringing a third-party complaint against Plaintiff's husband, Doroteo Martinez ("Third-Party Defendant"), and a counterclaim against Plaintiff.[4] On June 3, 2026, Wells Fargo moved for default judgment against Third-Party Defendant and

---

[1] *See Notice of Removal*, Document No. 1, Exhibit D at 27 (*Plaintiff's Complaint*).

[2] *See Plaintiff's Complaint*, *supra* note 1 at 7–10.

[3] *See Notice of Removal*, Document No. 1 at 1.

[4] *See Wells Fargo Bank, N.A.'s Original Answer, Counterclaim, and Third-Party Complaint*, Document No. 4 at 10.

2

summary judgment as to its counterclaim and Plaintiff's claims.[5] On June 24, 2026,

Plaintiff responded in opposition to Wells Fargo's summary judgment motion.[6] On

July 2, 2026, the Court entered default as to Third-Party Defendant pursuant to a

motion hearing held on June 25, 2026.[7]

## II. STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine dispute as to any

material fact and the movant is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(a). The Court must view the evidence in a light most favorable to the

nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Initially, the movant bears the burden of presenting the basis for the motion and the

elements of the causes of action upon which the nonmovant will be unable to

establish a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). The burden then shifts to the nonmovant to come forward with specific

facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c);

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A

---

[5] *See Wells Fargo Bank, N.A.'s Motion Default Judgment Against Doroteo Martinez*, Document No. 19 at 1; *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 1.

[6] *See Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support*, Document No. 24 at 1.

[7] *See Order Entering Default*, Document No. 28 at 1.

dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

But the nonmoving party's bare allegations, standing alone, are insufficient to create a material dispute of fact and defeat a motion for summary judgment. If a reasonable jury could not return a verdict for the nonmoving party, then summary judgment is appropriate. *Liberty Lobby, Inc.*, 477 U.S. at 248. The nonmovant's burden cannot be satisfied by "conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Uncorroborated self-serving testimony cannot prevent summary judgment, especially if the overwhelming documentary evidence supports the opposite scenario. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 294 (5th Cir. 2004). Furthermore, it is not the function of the Court to search the record on the nonmovant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992). Therefore, "[a]lthough we consider the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmovant, the nonmoving party may not rest on the mere allegations or denials of its pleadings but must respond by setting forth specific facts indicating a genuine issue for trial." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

4

## III. LAW & ANALYSIS

The Court will consider the pending motions beginning with Wells Fargo's Motion for Summary Judgment (Document No. 20), followed by Wells Fargo's Motion for Default Judgment with respect to Third-Party Defendant (Document No. 19).

### A. Wells Fargo's Motion for Summary Judgment

Wells Fargo moves for summary judgment "seeking judgment in favor of Wells Fargo and against Plaintiff/Counter-Defendant[.]"[8] In response, Plaintiff contends that she "has pled facts sufficient to show that the claims asserted have a genuine issue of material fact."[9] Despite Plaintiff's response, the Court notes that Plaintiff provides no summary judgment evidence attached to her response and rests solely on the allegations contained in her Complaint. Nonetheless, the Court will consider, in turn, Wells Fargo's pending summary judgment as it relates to Plaintiff's claims and Wells Fargo's counterclaim.

---

[8] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 1. Considering the Court's previous Order entering default against Third-Party Defendant, the Court will consider Wells Fargo's pending summary judgment as it relates to Plaintiff only.

[9] *Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support*, Document No. 24 at 8.

### 1. Plaintiff's Claims Against Wells Fargo

Plaintiff brings the current action seeking a stay of foreclosure and recovery for violations of the Texas Debt Collection Act ("TDCA") and fraud.[10] Wells Fargo moves for summary judgment as to Plaintiff's TDCA claim, contending that it did not violate the TDCA, that Plaintiff's TDCA claim is time-barred, and that Plaintiff alleges no injuries under the TDCA.[11] Furthermore, Wells Fargo moves for summary judgment as to Plaintiff's fraud claim, contending that the claim is not sufficiently pled, that the evidence disproves the claim, that the claim is time-barred, and that the economic loss rule defeats the claim.[12] In response, Plaintiff contends, in relevant part, that the TDCA claim is not time-barred because "every statement sent since has misrepresented the amount sought to be collected" and that the fraud claim is sufficiently pled.[13] The Court will consider, in turn, Wells Fargo's motion as it relates to Plaintiff's TDCA and fraud claims.

---

[10] *See Plaintiff's Complaint, supra* note 1 at 7–10.

[11] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 16–22.

[12] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 11–15

[13] *Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support*, Document No. 24 at 8, 9.

*i. TDCA Claim*

TDCA claims are subject to a two-year statute of limitations. *See Clark v. Deutsche Bank Nat'l Tr. Co.*, 719 F. App'x 341, 343 (5th Cir. 2018). Here, Plaintiff contends that Wells Fargo violated the TDCA by "failing to provide Plaintiff with any written response or reasons for its failure or refusal to provide Plaintiff with any mortgage relief . . . and . . . failure or refusal to ever provide Plaintiff with any Notice of Default[.]"[14] The Court notes that Wells Fargo communications regarding mortgage relief occurred beginning in February of 2020 and concluded in March of 2022.[15] As such, the Court finds that the statute of limitations for any TDCA claim based on these communications ran in March of 2024. Based on the foregoing, and considering that Plaintiff filed this matter on August 27, 2025, the Court finds that Plaintiff's TDCA claim is time-barred, and thus, that Wells Fargo's motion for

---

[14] *Plaintiff's Complaint, supra* note 1 at 7.

[15] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20, Exhibit A at 9–10 (*Declaration of Rick Penno*).

7

summary judgment as to this claim should be granted.[16] The Court now turns to Plaintiff's fraud claim.

*ii. Fraud Claim*

Wells Fargo contends, in relevant part, that summary judgment should be granted with respect to Plaintiff's fraud claim because "[f]raud requires an affirmative representation, and Plaintiff never identifies one."[17] In response, Plaintiff contends, in relevant part, that "Plaintiff relied to her detriment on the statements made by the Defendant's agents or employees that there was nothing they could do for them[.]"[18]

To succeed on a Texas fraud claim, a Plaintiff must plead: "(1) a material misrepresentation; (2) that is false; (3) made with knowledge of its falsity or

---

[16] To the extent Plaintiff brings a TDCA claim contending that Wells Fargo refused "to ever provide Plaintiff with any Notice of Default and Opportunity to Cure" the Court notes the clear summary judgment evidence in this matter shows that Wells Fargo did send a notice of default on December 9, 2024, well before this matter was filed. *See Plaintiff's Complaint, supra* note 1 at 7; *Declaration of Rick Penno, supra* note 15 at 10. To the extent that Plaintiff contends that more recent statements constitute further alleged violations of the TDCA for which the statute of limitations has not run, the Court notes the clear language of Plaintiff's Complaint alleging only that Wells Fargo violated the TDCA by failing to provide Plaintiff with mortgage relief or a notice of default. *See Plaintiff's Complaint, supra* note 1 at 7. Considering the Court's finding that the statute of limitations has run with respect to Plaintiff's TDCA claim, the Court declines to consider Wells Fargo's remaining arguments for summary judgment on Plaintiff's TDCA claim.

[17] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support,* Document No. 20 at 12.

[18] *Plaintiff's Response to Defendant's Motion for Summary Judgment and Brief in Support,* Document No. 24 at 4.

8

recklessness as to its truth; (4) made with the intention that it should be acted upon by another party; (5) relied upon by the other party, and (6) causing injury." *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir. 2009).

Here, the Court has reviewed Plaintiff's Complaint, in detail, and notes that while Plaintiff does plead several communications with Wells Fargo, Plaintiff fails to plead any affirmative statement made by Wells Fargo, let alone one that was false.[19] Furthermore, the Court finds that Plaintiff has filed to provide any summary judgment evidence, outside of the Complaint itself, to support her conclusory allegations of fraud. Based on the foregoing, and the clear guidance of the Fifth Circuit that a fraud claim requires the pleading of a misrepresentation, the Court finds that Plaintiff has failed to produce sufficient summary judgment evidence to show a genuine issue of material fact as to her fraud claim. As such, the Court finds that Wells Fargo's motion should be granted with respect to Plaintiff's fraud claim.[20]

---

[19] *See Plaintiff's Complaint, supra* note 1 at 3 ("Plaintiff made numerous phone calls and inquiries to Defendant . . . but Defendant failed or refused to provide Plaintiff with any workout[.]). To the extent that Plaintiff contends that Wells Fargo's alleged failure to do certain things constitutes a misrepresentation, the Court rejects this argument and finds that the failure to perform a specific act is not a misrepresentation.

[20] The Court notes that, even if Plaintiff pleads a sufficient misrepresentation for the purposes of fraud, Plaintiff has provided no evidence to show that such alleged misrepresentation was made with the intention that it be acted upon. Considering the Court's finding that Plaintiff fails to provide sufficient evidence to show a genuine issue

The Court will now consider Wells Fargo's motion as it relates to its counterclaim against Plaintiff.

### 2. Wells Fargo's Counterclaim

Wells Fargo moves for summary judgment as to its judicial foreclosure counterclaim, contending that "[t]he summary-judgment record establishes Wells Fargo's entitlement to judicial foreclosure."[21] The Court notes that Plaintiff's summary judgment response does not address Wells Fargo's motion as it relates to its counterclaim. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Regardless, the Court will consider the merits of Wells Fargo's counterclaim.

The Court generally "may order judicial foreclosure upon proof 'establishing the debt and fixing the lien.'" *Maldonado v. CitiMortgage, Inc.*, 676 Fed. App'x 282, 284 (5th Cir. 2017) (citation omitted). Wells Fargo contends that "Mr. Martinez executed the Note . . . [t]he debt is secured by a lien" and that "default is undisputed."[22] Plaintiff offers no rebuttal. The Court has reviewed the summary

---

of material fact as to a misrepresentation, the Court declines to consider Wells Fargo's remaining arguments related to summary judgment on Plaintiff's fraud claim.

[21] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 22.

[22] *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 22–23.

10

judgment evidence offered by Wells Fargo in this matter and finds that Wells Fargo has provided sufficient evidence providing proof that a debt was established and a lien was fixed. Furthermore, per Plaintiff's own admission, an uncured default exists on the loan.[23] Based on the foregoing, and the clear guidance of the Fifth Circuit about when the Court may order judicial foreclosure, the Court finds that Wells Fargo's motion should be granted with respect to its counterclaim, and thus, judicial foreclosure ordered. The Court will now consider Wells Fargo's pending motion for default judgment against Third-Party Defendant.

*B. Wells Fargo's Motion for Default Judgment*

Wells Fargo moves for default judgment on its judicial foreclosure claim against Third-Party Defendant Doroteo Martinez. Third-Party Defendant has not appeared in this matter either by the date required under the Federal Rules of Civil Procedure or the date of this Order. The Court notes that default was entered as to Third-Party Defendant per the Court's July 2, 2026, Order.[24] The aforementioned Order followed the Court's default judgment hearing in open court in which Third-Party Defendant did not appear.[25] Considering the Court's finding that Wells Fargo's

---

[23] *See Plaintiff's Complaint, supra* note 1 at 4–6.

[24] *See Order Entering Default*, Document No. 28 at 1.

[25] *See Minute Entry for Default Judgment Hearing*, Document No. 25 at 1.

11

motion for summary judgment should be granted, the Court finds that Wells Fargo's default judgment motion should be granted as to Third-Party Defendant in accordance with the Court's prior Order entering default. Lastly, the Court will consider Wells Fargo's request for attorneys' fees.

*C. Attorneys' Fees*

The Court notes Wells Fargo's request for attorneys' fees contained in its answer and motion for summary judgment.[26] Plaintiff offers no rebuttal to Wells Fargo's attorneys' fees request, failing to rebut the reasonableness of either the hours spent or hourly rate. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. Wells Fargo requests $35,908.08 in attorneys' fees and costs. The Court notes that these fees arise out of the note itself and are included in, not in addition to, the payoff amount.[27] Nonetheless, the Court will consider the reasonableness of Wells Fargo's attorneys' fees request.

In the Fifth Circuit, the "lodestar" method is used to determine statutorily authorized attorney fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir.

---

[26] *See Wells Fargo Bank, N.A.'s Original Answer, Counterclaim, and Third-Party Complaint*, Document No. 4 at 14; *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20 at 10.

[27] *See Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20, Exhibit E at 3, 5 (*Declaration of Helen O. Turner*).

12

1996). Under the lodestar method, the Court determines the reasonable hourly rate for the movant's attorney and the reasonable number of hours expended on the litigation by the movant's attorney. *Id.* The lodestar is calculated by multiplying the reasonable hourly rate by the reasonable number of hours. *Id.* Once the lodestar is initially determined, the Court may adjust the lodestar up or down to make the award of attorney fees reasonable. *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). The movant bears the burden of establishing the rate charged and reasonableness of the hours expended. *Riley v. City of Jackson, Miss.,* 99 F.3d 757, 760 (5th Cir. 1996). Once the lodestar analysis is complete, the Court may increase or decrease the award based on the factors provided in *Johnson v. Ga. Highway Exp., Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). *Saizan v. Delta Concrete Prods. Co.,* 448 F.3d 795, 800 (5th Cir. 2006) (per curiam).[28]

---

[28] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson,* 488 F.2d at 717–19.

13

Here, Wells Fargo provides detailed billing records and the declaration of attorney Helen O. Turner ("Turner Declaration").[29] The Turner Declaration indicates that Attorney Turner billed 56.6 hours at an hourly rate of $432.[30] The Turner Declaration further indicates that Attorney David L. Foster billed 18.4 hours at an hourly rate of $571 and that Attorney Robert T. Mowrey billed 3.2 hours at an hourly rate of $651.[31] Lastly, the King declaration indicates that combined paralegals billed 8.8 hours at hourly rates between $158 and $256.[32] The Court will consider, in turn, the reasonableness of the hourly rate and hours spent.

The Turner Declaration contends, in relevant part, that "[t]he hourly rates charged to Wells Fargo for the services performed are reasonable for the work performed in connection with this matter[.]"[33] Plaintiff offers no rebuttal. The Court has considered the reasonableness of the hourly rates charged in this matter and finds that, based on the foregoing, the hourly rates charged were reasonable. The Court will now consider the reasonableness of the total hours spent on this matter.

---

[29] *Declaration of Helen O. Turner, supra* Note 27 at 2; *Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support*, Document No. 20, Exhibit E-1 (*Billing Records*).

[30] *Declaration of Helen O. Turner, supra* Note 27 at 5.

[31] *Declaration of Helen O. Turner, supra* Note 27 at 6, 8.

[32] *Declaration of Helen O. Turner, supra* Note 27 at 6, 10.

[33] *Declaration of Helen O. Turner, supra* Note 27 at 4.

14

The Turner Declaration contends, in relevant part, that "all the legal services that Troutman performed were necessary to properly defend this lawsuit on behalf of Wells Fargo and protect its interest in the Property and/or rights under the Security Instrument."[34] Plaintiff offers no rebuttal. In considering the reasonableness of the hours spent on this matter, the Court notes that not only did Wells Fargo successfully defend the claims brought against it, but it also succeeded on a counterclaim and third-party claim. Based on the foregoing, the Court finds that the hours spent on this matter were reasonable. Considering the Court's finding that the hours spent and hourly rates were reasonable in this matter, the Court finds that, based on the foregoing and the clear guidance of the Fifth Circuit on evaluating attorneys' fees, Wells Fargo's request for $35,908.08 in attorneys' fees is reasonable.[35]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Wells Fargo Bank, N.A.'s Motion for Summary Judgment and Brief in Support (Document No. 20) is **GRANTED**. The Court further

---

[34] *Declaration of Helen O. Turner, supra* Note 27 at 4.

[35] The Court notes that Wells Fargo has included $417.30 in charges within its attorneys' fees calculation. *See Declaration of Jamie King*, Document No. 31 at 5. Considering this, the Court declines to award any costs in addition to the aforementioned attorneys' fees number. For the sake of clarity, the Court further notes that the $35,908.08 in attorneys' fees is included in the $167,557.49 payoff amount requested by Wells Fargo. Furthermore, the attorneys' fees are to be recoverable "on an *in rem* only basis." *Declaration of Jamie King*, Document No. 31 at 2.

15

**ORDERS** that Wells Fargo Bank, N.A.'s Motion Default Judgment Against Doroteo Martinez (Document No. 19) is **GRANTED**. The Court further

**ORDERS** that Wells Fargo Bank, N.A.'s relief requested in its counterclaim and third-party claim for judicial foreclosure is **GRANTED**. The Court further

**ORDERS** that Plaintiff's claims against Defendant Wells Fargo Bank, N.A. are hereby **DISMISSED**.[36]

SIGNED at Houston, Texas, on this **21** day of July, 2026.

DAVID HITTNER
United States District Judge

---

[36] The Court will issue a separate final judgment declaring all points of relief and disposing of all remaining ministerial matters in this case.

16